# Exhibit A

Filed for Record
8/29/2021 3:22 PM
Rhonda Barchak, District Clerk
Brazoria County, Texas
113828-CV
Sunnye Wingo, Deputy

113828-CV

CAUSE NO. _____

| | | |
|---|---|---|
| KELLEY JO LEWIS | § § § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § | |
| v. | § § | BRAZORIA COUNTY, TEXAS |
| HOBBY LOBBY STORES, INC. | § § § | |
| *Defendant.* | § § | \_\_\_\_th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCLOSURE

Plaintiff Kelly Jo Lewis complains of Defendant Hobby Lobby Stores, Inc., and would respectfully show the Court the following:

### I.

### Discovery Control Plan

1. Plaintiff intends that discovery be conducted under Level 2. Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, and affirmatively pleads that she seeks monetary relief over $250,000.00, but no more than $1,000,000.00, at this time. Plaintiff reserves the right to amend this damage calculation as discovery progresses. Plaintiff makes this damage calculation at this time pursuant to Texas Rule of Civil Procedure 47.

### II.

### Parties and Service

2. Plaintiff Kelley Jo Lewis is a resident of Texas.

3. Defendant Hobby Lobby Stores, Inc., is a business entity with its principal place of business in Oklahoma County, Oklahoma. It may be served by and through its registered agent, Corporation Service Company, at 211 E. 7th Street Suite 620, Austin, Texas, 78701.

1

4. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. Plaintiff reserves the right to amend the true names of the parties pursuant to the Texas Rules of Civil Procedure.

5. To the extent Defendant is conducting business relevant to the allegations made the basis of this suit under a trade name, assumed name, unincorporated association or entity, private corporation, partnership, or other business name, notice is hereby given that this suit is further brought against such entities as allowable by law and that appearance and Answer be made under such name pursuant to TEX. R. CIV. P. 28.

### III.

### Jurisdiction and Venue

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This Court has jurisdiction and venue is proper under Section 15.002 of the Texas Civil Practice and Remedies Code because all or a majority of the acts and/or omissions which form the basis of this cause of action occurred in Brazoria County, Texas. Plaintiff seeks damages in excess of $250,000.00 but no more than $1,000,000.00.

### IV.

### Facts

8. This lawsuit is necessary as a result of personal injuries Plaintiff suffered on or about August 1, 2019. On that day Plaintiff was working at a Hobby Lobby store located at 125 Highway 332 West, Lake Jackson, Texas 77566, which at all times material was owned, operated, controlled, and/or managed by Defendant Hobby Lobby Stores, Inc. Per the instructions that

employees were given, Plaintiff was lifting heavy boxes of freight for the fabric department without additional assistance. Suddenly and unexpectedly, she felt a sharp pain in her lower back and sciatic nerve pain down her rear and through her right leg. It is as a direct result of Defendant's negligence that Plaintiff has suffered severe personal injuries for which she now brings this action.

9. Defendant is a non-subscriber to the Texas Workers' Compensation system. Therefore, certain defenses are unavailable to Defendant, including, but not limited to, assumption of the risk and contributory negligence.

## V.

### Negligence of Defendant Hobby Lobby Stores, Inc.

10. The conduct of Defendant, and that of Defendant's officers, agents, servants, employees, vice-principals, and/or representatives, constituted negligence as that term is understood in law and such conduct was the proximate cause of the occurrence made the basis of this lawsuit.

11. Plaintiff states that at the time of the occurrence made the basis of this suit, the individual(s) responsible for her injury were acting in their capacity as agents, servants, vice-principals, representatives and/or employees of Defendant and were acting within the course and scope of their authority as such. Therefore, the doctrine of *Respondeat Superior* should be applied to Defendant and Defendant should be held vicariously responsible for the acts and omissions of their agents, employees, servants, and/or vice-principals.

12. Plaintiff sustained injuries because of Defendant's negligence when Defendant and/or Defendant's employees under the doctrine of *Respondeat Superior*:

- Failed to take reasonable precautions;
- Failed to properly supervise employees;

- Failed to properly train employees;
- Failed to provide adequate employees for the assigned task;
- Failed to provide adequate time to complete a task;
- Failing to maintain their place of business;
- The negligent instructions and orders of its employees;
- Vicariously liable for the negligent acts and omissions of employees and/or individuals otherwise under Defendant's control;
- Other acts so deemed negligent.

## VI.

### Damages

13. As a result of these occurrences, Plaintiff sustained injuries to her body which resulted in physical pain, mental anguish, and other medical problems. Plaintiff will show that she has sustained severe pain, physical impairment, discomfort, mental anguish, disfigurement, and distress, and that in all reasonable probability, such physical pain, physical impairment, discomfort, mental anguish, disfigurement, and distress will continue indefinitely. Plaintiff suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will continue to incur pharmaceutical and medical expenses in connection with her injuries.

## VII.

### Request for Disclosure

14. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within **fifty (50) days** of service of this request, the information or material described in Rule 194.2.

## VIII.

### Jury Demand

15. Plaintiff hereby demands a trial by jury.

### Prayer

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, Plaintiff have judgment against Defendant in a total sum in excess of the minimum jurisdictional limits of this Court, in excess of $250,000.00, plus pre-judgment and post-judgment interests, all costs of Court, actual and consequential damages allowed by law, exemplary damages, and all such other and further relief, to which she may show herself justly entitled.

Respectfully submitted,

**TILTON & TILTON LLP**

*/s/: Bradley W. Tilton II*
Bradley W. Tilton II
Texas State Bar No. 24035538
E-Mail: BTilton@tiltonlawfirm.com
River Oaks Tower
3730 Kirby Drive, Suite 1020
Houston, Texas 77098
Telephone: (713) 774-8600
Facsimile: (713) 222-2124

**ATTORNEY FOR PLAINTIFF**